UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SPFM, L.P., | ) |
| *Plaintiff*, | ) ) ) |
| vs. | ) ) Civil Action No: SA-16-CV-00179-XR |
| MARIO FELIX, | ) ) ) |
| *Defendant*. | ) ) |

**FILED JAN 25 2017 CLERK, U.S. DISTRICT COURT WESTERN DISTRICT OF TEXAS BY ___ DEPUTY**

## FINAL JUDGMENT AND PERMANENT INJUNCTION

On this date, the Court considered the status of the above captioned case. Plaintiff SPFM filed its original complaint on February 19, 2016, asserting causes of action for trademark infringement, breach of contract, and fraud against Defendant Mario Felix. Docket no. 1. The complaint alleged that Felix developed the first commercially viable "michelada cup"—a cup sold pre-filled with flavoring agents to enhance any beverage, typically beer, that is poured into it—that he marketed under the Don Chelada brand name. *Id.* SPFM alleged that Felix licensed his rights in the cup to SPFM in an exclusive licensing agreement, but later became involved with competing cup brands, even though this was forbidden by the agreement. *Id.*

Felix was served, and did not respond. Docket no. 8. Thereafter, SPFM moved for entry of default and default judgment, both of which were granted. Docket nos. 10, 11.

On December 14, 2016, the Court conducted a hearing in open court on the issues of damages a permanent injunction. At the hearing, SPFM did not put on evidence of damages, and focused on injunctive relief. Through this evidence, SPFM proved its entitlement to injunctive relief under a Lanham Act trademark infringement claim on the basis of a forward confusion

1

theory. SPFM also proved its entitlement to injunctive relief based on its breach of contract theory.

It is therefore ORDERED that Defendant, Mario Felix, his employees, persons (paid or unpaid) who assist in Defendant's business, business partners, licensees, licensors, joint venturers, agents, and anyone acting in concert with him, are hereby PERMANENTLY ENJOINED from:

(1) using any of the trademarks owned and/or licensed by Plaintiff, or any marks confusingly similar thereto, including DON CHELADA, MUCHO MACHO, and CALIFORNIA CUP;

(2) producing, selling, distributing, or assisting any third party in producing, selling or distributing any michelada cup that exhibits a band of spices on the subject cup that is like, or is confusingly similar in appearance to the band of spices on a Plaintiff's DON CHELADA brand michelada cup—notably including features that: (1) substantially, uniformly, and completely occludes view of the underlying cup material; and (2) is demarcated from the remainder of the cup below the band of spices by a substantially non-wavering, annular line about the cup;

(3) producing, selling, distributing, or assisting any third party in producing, selling or distributing any michelada cup bearing trade dress that is confusingly similar to, or is a colorable imitation of the trade dress of Plaintiff's DON CHELADA brand michelada cups;

(4) representing to any third party any affiliation, whether past, present, or future, with: (a) Plaintiff, (b) with any licensee, distributor, successor, customer, or manufacturer associated with Plaintiff, (c) with the DON CHELADA, MUCHO MACHO, and/or CALIFORNIA CUP brands, (d) with origination of the DON CHELADA, MUCHO MACHO, and/or CALIFORNIA CUP brands, and/or (e) with origination, invention, or development of the michelada cup;

(5) otherwise infringing Plaintiff's trademarks;

(6) otherwise diluting Plaintiff's trademarks; and

(7) otherwise unfairly competing with Plaintiff.

It is so ORDERED.

SIGNED this 25th day of January, 2017.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE